UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH M, | ) | Civil Action No. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BECKER COLLEGE, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

## INTRODUCTION

1. Joseph M. ("Joseph") is a young man who has been diagnosed with Asperger's Syndrome.
   Joseph enrolled in Becker College as a freshman for the 2017-2018 schoolyear.

2. For reasons which result from his Asperger Syndrome diagnosis, Joseph has difficulty under-
   standing social cues and humor, and has difficulty verbally expressing his emotions.

3. In October 2017 Joseph was summarily expelled from Becker College.  Prior to his expulsion,
   Becker College had not provided Joseph with any warnings, consequences or short-term sus-
   pensions about any alleged improper conduct by Joseph.  Joseph's behavior which led to the
   expulsion was a response to provocation and teasing by other Becker students which was never
   addressed by the Becker administration.  Becker College was on notice of Joseph's disability
   which impacted his emotional responses to the teasing.  This action is brought to challenge this
   improper expulsion.

4. Joseph M. brings this action pursuant to the Americans with Disabilities Act and Section 504
   of the Rehabilitation.  Plaintiff seeks the expungement of the record of his expulsion, a refund

of his tuition and related expenses, declaratory relief and reasonable attorney's fees.

## II.  JURISDICTION AND VENUE

5.  This action arises under the American with Disabilities Act ("ADA"), 42 U.S.C. sec. 12101,

et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. sec. 794, et seq.  Venue is proper

in the Central District of Massachusetts because the Defendant is a school organized under

Massachusetts law and is located in Worcester, Massachusetts.

## III.  PARTIES

6.  Joseph Moon is a 20-year-ol former student at Becker College.  He currently resides with his

parents in Nyack, New York.  Plaintiff seeks leave to not disclose his last name to protect his

privacy.

7.  Becker College "(Becker") is a private college located in Worcester, Massachusetts.  As such,

Becker is subject to the non-discrimination and reasonable accommodations requirements of

the ADA and the Massachusetts Public Accommodation Law.  Upon information and belief,

Becker receives federal funds, thereby making it subject to the non-discrimination and rea-

sonable accommodations requirements of Section 504 of the Rehabilitation Act.

## IV.  STATEMENT OF FACTS

8.  During his senior year of high school, Joseph applied to eight different colleges.  Joseph was

accepted at each of the colleges to which he applied, and he was provided with substantial

financial aid (4-year scholarship) for most of the colleges to which he applied.

9.  Joseph chose to attend Becker, in part because of Becker's of classes pertaining to video game

design and development.

10.  Prior to the beginning of the 2017 Fall semester, Joseph participated in Becker's Summer

Bridge Program for incoming freshmen.  Joseph also attended Becker's Academic Consulting

and Engagement Supports Program. The combined cost of the programs was $2,800, which

2

was paid for by Joseph's parents.

11. On July 10, 2017 Joseph met with Micky Roberts, Director of Student Support Services and 504/Disability Coordinator.  Following this meeting, a Section 504 Plan was developed for Joseph which included accommodations for tests.

12. In accordance with his Asperger Syndrome diagnosis, Joseph has difficulty understanding social cues and humor, and has difficulty verbally expressing his emotions.

13. Joseph resided in a Becker dormitory at the start of the 2017 Fall semester and became friends with his roommate.

14. Shortly after the beginning of the Fall semester, Joseph became the object of teasing and bullying by other students in the dormitory.

15. On September 10, 2017, Joseph sent his father a text message complaining that several students in his dormitory were repeatedly asking him to participate in a strip show for another student's birthday, and even offered him a large sum of money to participate.  The repeated teasing and requests about the strip show made Joseph very uncomfortable and annoyed, particularly when the students said the occasion would be a "carpe diem" sort of opportunity, a comment that caused him great distress.

16. Joseph's father was very concerned about the information in Joseph's text messages.  Joseph's father attempted to speak with Mickey Roberts, leaving messages on several occasions without receiving a return phone call from Ms. Roberts.  Due to his frustration in not being able to speak with either Ms. Roberts or Joseph's academic coach, Kelsey Briggs.  Joseph's father drove from the family home in Nyack, New York, to Becker on September 21, 2017.  Joseph's father intended to participate in Joseph's regularly scheduled meeting with Ms. Briggs at 4 p.m. that same day.  Shortly after 4 p.m., Joseph received a text from Ms. Briggs stating that she had to cancel the meeting.

17. Joseph spoke about his discomfort with Ms. Becker.  Based on information and belief, neither

Ms. Roberts nor Ms. Briggs spoke with the students about whom Joseph had voiced complains. Additionally, Joseph was told to speak to his resident advisor should any similar incidents occur, yet whenever Joseph attempted to speak to his resident advisor in times of such need, his advisor was always absent.

18. Another incident occurred in which a male student in the dormitory asked Joseph to join his Facebook group, which Joseph declined to do, due to being occupied with completing a difficult assignment.  A few minutes later, one of the students from the strip show incident told Joseph that that several students had posted a photo of Joseph's PlayStation 4 on the same Facebook page, stating that the PlayStation 4 was for sale.  Joseph confronted the students and while doing so, became very upset and referred to the student who told him about the PlayStation 4 with a racial epithet.  Joseph later apologized to the student for what he had said.

19.  On October 4, 2017 at approximately 10:00 p.m., Joseph became involved in an argument with the student to whom he had referred to with a racial epithet over accusations of being a racist. Other students became involved in the argument, accusing Joseph of being a racist. One male student told Joseph that Joseph needed to leave the area or he would get hurt.  Several minutes later Joseph went up to his room.  Joseph's roommate was not in the room and, due to a power outage, Joseph was not able to charge his phone to contact his family.  Without someone to talk with about his confusion and without an outlet for his anger and stress, and hearing the students who accused him of being a racist laughing nearby, Joseph left his room and began yelling and demanding to speak with the student who accused him of being a racist and the student who threatened to hurt him.  Other students physically blocked Joseph from approaching the students with whom he wanted to speak.  The Resident Advisor arrived to see what the commotion was about.  Unable to contain his confusion and anger, Joseph said that he was, "almost angry enough to take a can of gasoline and pour it on a door" in an attempt to get the students to let him pass.  Eventually, Joseph returned to his room.  He heard the student who

called him a racist mocking Joseph and saying he was crazy. In response, Joseph said she was lucky that he wasn't inflicting any physical harm towards her. She told him to go kill himself. Eventually he laid down on his bed and fell asleep.

20.   Shortly after Joseph fell asleep; Becker College campus police woke him up and asked him questions about the incident. The campus police called an ambulance. When the ambulance arrived, the police escorted Joseph to the ambulance and assisted in getting him onto a stretcher inside the ambulance. The ambulance transported Joseph to a psychiatric unit at the University of Massachusetts Medical Center in Worcester. Joseph was interviewed and examined by a psychiatrist. He was admitted to the psychiatric unit at approximately 2:00 a.m. on October 5th and stayed at the hospital until his father picked him up on October 6, 2017 at approximately 1:00 a.m. The hospital Discharge Instructions stated as follows:

> *Upon evaluation, you denied any thoughts of harm to self or to others. You have been medically and psychiatrically cleared at UMASS. Symptoms appear to be triggered by conflicts with peers and stressors at school. Pt. is a low risk to harm self or others. We are discharging pt. to follow-up with his primary care physician/psychiatrist for any concerns or medication changes if desired. It is also recommended that pt. follow up with outpatient provider list for a referral for outpatient therapy and psychiatry while attending school here in Massachusetts. Per conversation with Becker College School Psychologist, pt. is on an interim suspension pending a meeting with school Dean. Pt. will be discharged to his father's care.*

21.   On October 5, 2017 while Joseph was still in the hospital, Joseph's father received a telephone call from Kelsey Briggs at Becker, informing him that Joseph was suspended from Becker until further notice.

22.   On October 10, 2017 Joseph received a letter via electronic mail from Joseph Lomastro, Director of Residence Life and Student Conduct at Becker. The letter stated that there were reasons to believe Joseph was involved in the violation of three policies of the Student Handbook: Verbal Abuse, Violent or Endangering Behavior and Personal Conduct. The letter informed Joseph that his Student Conduct Hearing had been scheduled for Wednesday, October

11 at 2:00 p.m.

23. Joseph and his father attended the Student Conduct Hearing on October 11 with Mr. Lomastro. Joseph's father was informed by Mr. Lomastro that he, Joseph's father, was present only as an observer at the Hearing, and as such, might be asked to leave if he tried to interrupt the Hearing to advocate for Joseph. Considering the well-known and accepted symptoms of Asperger Syndrome, allowing an advocate at the Hearing would have been a prudent and reasonable accommodation for Joseph.

24. The Hearing ended in approximately one hour. Joseph attempted to fully explain his account of the October 4, 2017 incident and why he did not feel that he should receive a long-term suspension or expulsion. Joseph' explanation was rushed along. Due to Joseph's disability, he was unable to provide a full explanation in the short amount of time he was provided. Joseph and his father believed that the decision to expel Joseph had already been made and the Student Conduct Hearing was merely a formality based upon how the Hearing was conducted by Mr. Lomastro.

25. On October 12, 2017 Joseph received a letter via electronic mail from Mr. Lomastro, informing him that he had been found "Responsible" for each of the allegations: Verbal Abuse, Violent or Endangering Behavior and Personal Conduct. The letter stated:

> You are Dismissed from Becker College. Dismissal is the complete and permanent sever of any and all connection with Becker College; this includes Becker College activities, services, facilities, grounds and undergraduate, graduate and professional schools.

26. Mr. Lomastro's letter included a notice that Joseph could file a written appeal to the Vice-President of Student Affairs.

27. Joseph filed a written appeal as set forth in Mr. Lomastro's letter.

28. On November 2, 2017 Joseph received a letter via electronic mail from the Vice-President of Student Affairs, Francis Millerick. The letter informed Joseph that his appeal had been denied.

Below are excerpts from the letter.[1]

> *After deliberation, I have determined to uphold the decision and the sanction issued by Mr. Lomastro. My determination is based on information in the record that supports the finding of responsibility and that dismissal is an appropriate sanction for the conduct in which you engaged. Further, I have found that Mr. Lomastro's decision and the sanction applied are both consistent with College policies, and that **both were based solely on your conduct and not on any disability**. Indeed the Becker College Student Handbook clearly states zero tolerance for the conduct for which you were found responsible.*
>
> *In addition, Mr. Lomastro provided you with ample time to state your case. Furthermore, during the conduct meeting **Mr. Lomastro did not state that your disability was relevant to how you were going to be disciplined. Rather, Mr. Lomastro stated that a disability does not excuse unacceptable behavior**.*
>
> *Joseph, a decision to dismiss a student is never taken lightly. It is unfortunate your opportunity to be at Becker was cut short as the result of a conduct issue. However, please know that your character has never been in question, rather it's the decision you made which led to your expulsion.*
> (emphasis added).

29. On or about January 12, 2018, Joseph, through his attorney, filed a Complaint with the Civil Rights Division of the U.S. Department of Justice ("CRD"), alleging that the actions of Becker College violated the non-discrimination and reasonable accommodations provisions of the ADA and Section 504 of the Rehabilitation Act.

30. On August 6, 2018 counsel for Joseph received a letter from the CRA, a portion of which is excerpted below.

> *This is in response to the complaint you filed with this office alleging a possible violation of the Americans with Disabilities Act (ADA). After carefully reviewing the information that you provided, we have decided not to take any further action on your complaint. Unfortunately, because the Section receives thousands of ADA complaints each year, we do not have the resources to resolve all of them.*
>
> *It is important to note that the Justice Department has made no determination regarding the merits of your complaint or whether it could be redressed under the ADA*

---

[1] The entire letter is attached to this Complaint as Exhibit 1.

*or another statute.*

## Count I – Violation of the ADA, 42 U.S.C. sec. 12189

31.  Plaintiff Repeats and incorporates by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32.  Becker College was on notice that Joseph M. is an individual with a disability within the meaning of the ADA, 42 U.S.C. sec. 12111.  Joseph M. is a qualified individual within the meaning of the ADA in that he meets all of the eligibility criteria for being a student at Becker College.

33.  Becker College has discriminated against Joseph M. on the basis of his disability by expelling him from school without making reasonable accommodations to his disability.

34.  By expelling Joseph M., Becker College violated sec. 12182 of the ADA by denying him the opportunity to participate in the benefits of Becker College.

## COUNT II – Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. sec. 794

35.  Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36.  As a recipient of federal funds, Becker College is subject to the non-discrimination mandate of Section 504 of the Rehabilitation Act.

37.  By expelling Joseph M., Becker College has discriminated against him on the basis of his disability by failing to provide him with reasonable accommodations.  Such discrimination is in violation of the protections of Section 504 of the Rehabilitation Act,

20 U.S.C. sec. 794.

## PRAYER FOR RELIEF

**WHEREFORE**, Joseph M. respectfully request that this Court grant the following relief:

A. Enter a finding that by expelling Joseph M. from Becker College, Becker College dis-

   criminated against Joseph M. on the basis of his disability;

B. Order Becker College to reimburse Joseph M. for all tuition and related expenses;

C. Make an award of reasonable attorney's fees to Joseph M.

D. Grant such other relief as the Court may deem necessary and just.

## DEMAND FOR JURY BY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury

on all issues so triable.


                                    Joseph M.
                                    By his attorney,


Dated: October 11, 2018             /s/ Matthew Engel
                                    Matthew Engel
                                    BBO #547465
                                    Law Office of Matthew Engel
                                    P.O. Box 1035
                                    Easthampton, MA  01027
                                    Phone: 413-527-3157
                                    Fax: 413-527-3157
                                    mengelatty@gmail.com